## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| SAM CARLISLE ) | |
| ) | |
| Plaintiff, ) | Case No. _____ |
| v. ) | |
| ) | **COMPLAINT FOR VIOLATIONS OF** |
| FLEXION THERAPEUTICS, INC., ) | **THE FEDERAL SECURITIES LAWS** |
| MICHAEL D. CLAYMAN, ELIZABETH ) | |
| KWO, ANN MERRIFIELD, SCOTT A. ) | |
| CANUTE, SAMUEL D. COLELLA, MARK ) | JURY TRIAL DEMANDED |
| STEJBACH, HEATH LUKATCH, PATRICK ) | |
| J. MAHAFFY, ALAN W. MILINAZZO, and ) | |
| UTPAL KOPPIKAR, ) | |
| Defendants. | |

Plaintiff Sam Carlisle ("Plaintiff"), by and through his undersigned counsel, for his complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

### NATURE THE ACTION

1. Plaintiff brings this action against Flexion Therapeutics, Inc. ("Flexion" or the "Company") and its corporate directors for violating Sections 14(d)(4), 14(e) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(d)(4), 78n(e), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14d-9, 17 C.F.R. §240.14d-9(d) ("Rule 14d-9"). By the action, Plaintiff seeks to enjoin the consummation of a tender offer (the "Tender Offer") underlying the proposed acquisition of the Company by Pacira BioSciences, Inc.

"(Pacira") through its wholly-owned subsidiary Oyster Acquisition Company Inc. ("Purchaser") (the "Proposed Transaction").[1]

2. On October 11, 2021, Flexion and Pacira jointly announced their entry into an Agreement and Plan of Merger (the "Merger Agreement") dated the preceding day. The Merger Agreement provides that, for each share they own, Company stockholder will receive (a) $8.50 per share in cash (the "Cash Amount"), and (b) one contingent value right per share (the "CVR", and together with the Cash Amount, the "Offer Price"), which will represent the right to receive one or more contingent payments of up to $8.00 per share in the aggregate, in cash, upon the achievement of specified milestones. Purchaser commenced the Tender Offer on October 22, 2021. The Tender Offer is scheduled to expire at one minute following 11:59 p.m., Eastern Time, on November 18, 2021.[2]

3. On October 22, 2021, Flexion filed a Solicitation/Recommendation Statement on Schedule 14D-9 (the "Recommendation Statement") with the SEC. The Recommendation Statement, which recommends that Flexion stockholders tender their stock into the Tender Offer, omits or misrepresents material information necessary and essential to that decision. The failure to adequately disclose such material information violates the Exchange Act as Flexion stockholders need such information to make a fully informed decision whether to do so

4. It is imperative that the material information omitted from the Recommendation Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their rights with respect to the Tender Offer and or any decision

---

[1] Non-party Pacira is a Delaware corporation with its principal executive offices located at 5 Sylvan Way, Suite 300, Parsippany, New Jersey 07054. Pacira's common stock trades on the Nasdaq Global Select Market under the ticker symbol "PCRX." Non-party Purchaser is a Delaware corporation and a wholly owned subsidiary of Pacira.

[2] The approximate value of the Proposed Transaction is $630 million.

to seek appraisal for their shares.

5. For these reasons, and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Tender Offer or Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(d)(4), 14(e) and 20(a) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. This Court has jurisdiction over the defendants because each defendant is either a corporation that conducts business in and maintains operations within this District or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## THE PARTIES

9. Plaintiff is, and has been at all times relevant hereto, a continuous stockholder of Flexion.

10. Defendant Flexion is a Delaware corporation, with its principal executive offices located at 10 Mall Road, Suite 301, Burlington, Massachusetts 01803.  Flexion is a biopharmaceutical company focused on the development and commercialization of novel, local therapies for the treatment of patients with musculoskeletal conditions.  Flexion's common stock is traded on the Nasdaq Global Market under the ticker symbol "FLXN."

11. Defendant Michael D. Clayman ("Clayman") is and has been President, Chief Executive Officer ("CEO"), and a director of the Company since 2007.

12. Defendant Elizabeth Kwo ("Kwo") is and has been a director of the Company since 2020.

13. Defendant Ann Merrifield ("Merrifield") is and has been a director of the Company since 2014.

14. Defendant Scott A. Canute ("Canute") is and has been a director of the Company since 2015.

15. Defendant Samuel D. Colella ("Colella") is and has been a director of the Company since 2008.

16. Defendant Mark Stejbach ("Stejbach") is and has been a director of the Company since 2016.

17. Defendant Heath Lukatch ("Lukatch") is and has been a director of the Company since 2012.

18. Defendant Patrick J. Mahaffy ("Mahaffy") is Chairman of the Board and is and has been a director of the Company since 2009.

19. Defendant Alan W. Milinazzo ("Milinazzo") is and has been a director of the Company since 2011.

20. Defendant Utpal Koppikar ("Koppikar") is and has been a director of the Company since July 2021.

21. Defendant Joseph Defendants identified in paragraphs 11-20 are referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**The Proposed Transaction**

4

22. On October 11, 2021, Flexion and Pacira jointly announced in relevant part:

TAMPA, Fla. and BURLINGTON, Mass., Oct. 11, 2021 -- Pacira BioSciences, Inc. (Nasdaq: PCRX), the industry leader in its commitment to non-opioid pain management and regenerative health solutions, and Flexion Therapeutics, Inc. (Nasdaq: FLXN) today announced a definitive agreement pursuant to which Pacira will acquire Flexion for $8.50 per share in cash, plus one non-tradeable contingent value right (CVR) worth up to $8.00 per share in cash. The CVR is payable (subject to certain terms and conditions) in the event certain sales and/or regulatory milestones are achieved, as set forth in more detail below. The transaction was unanimously approved by the board of directors of each of Pacira and Flexion.

Flexion is a commercial-stage biopharmaceutical company focused on the development and commercialization of novel, local non-opioid therapies for the treatment of patients with musculoskeletal conditions, including osteoarthritis (OA), postsurgical pain and low back pain. Approved in 2017, Flexion's lead product, ZILRETTA® (triamcinolone acetonide extended-release injectable suspension) is the first and only FDA-approved treatment for OA knee pain utilizing extended-release microsphere technology.

"This acquisition is a major milestone in our strategy to build a robust offering of novel, non-opioid treatments to improve patient care along the neural pain pathway while simultaneously providing us with a complementary commercial asset in ZILRETTA for the treatment of OA knee pain," said Dave Stack, chairman and chief executive officer of Pacira. "We believe the Flexion portfolio further solidifies Pacira as a leader in opioid-sparing pain management as we continue to redefine the role of opioids as a last resort rescue medication. Importantly, this acquisition creates diversification and growth to our topline while providing what we would expect to be meaningful synergies that should result in substantial near- and long-term accretion to our cash flows and earnings."

"Pacira shares our commitment to advancing non-opioid pain control and we believe it is ideally positioned to drive continued clinical and commercial success of ZILRETTA, FX201, and FX301," said Michael Clayman, M.D., chief executive officer and co-founder of Flexion. "This combination with Pacira offers Flexion stakeholders excellent prospects for value creation, particularly as the contingent value rights provide the opportunity to continue to benefit from the ongoing success of Flexion's products and programs."

"I'd like to thank all of our employees – past and present – for their extraordinary commitment and superb contributions that have translated into ZILRETTA, a medicine that matters, getting to increasing numbers of patients in need and to a pipeline of potentially transformative medicines," continued Dr. Clayman.

**Pacira Transaction Rationale**

- Innovative non-opioid portfolio directly aligns with the Pacira mission to provide an opioid alternative to as many patients as possible and address medical needs along the neural pain pathway.

- Flexion's ZILRETTA is a non-opioid injection that will allow Pacira to offer a treatment to manage OA pain of the knee at an earlier stage of the patient's journey along the neural pain pathway.

- Complementary sales call points and clinical-stage pipeline offer significant cost synergies across research and development and commercial activities.

- Adds multiple clinical milestones, including the initiation of a Phase 3 registration trial of ZILRETTA in shoulder osteoarthritis and the advancement of Phase 1 studies of FX201 for musculoskeletal pain, including OA, and FX301 as a lower extremity nerve block for postsurgical pain.

- Immediately revenue generating and expected to be accretive to full-year 2022 earnings and significantly accretive thereafter.

**Transaction Details**

Under the terms of the definitive agreement, Pacira will commence a tender offer to acquire all outstanding shares of Flexion for a purchase price of $8.50 per share in cash, plus one non-tradeable CVR. The CVR will entitle Flexion stockholders to up to an additional $8.00 per share in cash payable (subject to certain terms and conditions) upon achievement of the following milestones:

- $1.00 per share if total calendar year ZILRETTA net sales achieve $250 million;

- $2.00 per share if total calendar year ZILRETTA net sales achieve $375 million;

- $3.00 per share if total calendar year ZILRETTA net sales achieve $500 million;

- $1.00 per share upon U.S. FDA approval of FX201; and

- $1.00 per share upon U.S. FDA approval of FX301.

The milestones associated with each contingent cash payment must be achieved, if at all, on or before December 31, 2030. There can be no assurance any payments will be made with respect to the CVR. The transaction is not subject to any financing condition and Pacira will fund the transaction from its existing cash resources.

Flexion's board of directors unanimously recommends that Flexion's stockholders tender their shares in the tender offer. Additionally, Flexion's directors and

executive officers, or their affiliates, have (subject to certain terms and conditions) agreed to tender their shares in the tender offer.

**Timing to Close**

The transaction is anticipated to close during the fourth quarter of 2021, subject to customary closing conditions, including receipt of required regulatory approvals and the tender of a majority of the outstanding shares of Flexion's common stock. Following the successful closing of the tender offer, Pacira will acquire any shares of Flexion that are not tendered in the tender offer through a second-step merger at the same consideration as paid in the tender offer.

**Third Quarter Performance and Guidance Update**

Today Pacira and Flexion are providing the following preliminary unaudited results and updates for the third quarter of 2021. The financial information included in this press release is preliminary, unaudited, and subject to adjustment. It does not present all information necessary for an understanding of either company's financial results for the third quarter or full year 2021.

- EXPAREL net product sales of $121.9 million for the third quarter and $39.7 million for the month of September 2021, compared with $113.7 million and $39.5 million in the prior year, respectively. The number of EXPAREL selling days for the month of September was 21 in both 2021 and 2020. The elective surgery market faced additional pandemic-related challenges in August and September due to regional surges in COVID-19 delta variant cases, staffing shortages, and surgical fatigue from care teams addressing significant procedure backlogs. These variables began to subside in the latter part of September and Pacira expects the fourth quarter to reflect improving market dynamics.

- iovera° net product sales of $4.2 million for the third quarter and $2.3 million for the month of September 2021, compared with $2.7 million and $1.1 million in the prior year, respectively.

- Flexion expects that ZILRETTA net sales were in the range of $21 million to $23 million for the third quarter of 2021. Third quarter 2021 sales were negatively impacted, particularly in the second half of the quarter, by the following primary factors: (a) temporary disruptions from rebate program modifications, (b) pandemic-related challenges, and (c) several unanticipated manufacturing batch failures that led to short-dated ZILRETTA inventory resulting in smaller order sizes by physician practices and product returns from specialty distributors.

- Consistent with Pacira practices, Flexion is withdrawing its ZILRETTA sales guidance for 2021.

**Advisors**

J.P. Morgan Securities LLC acted as financial advisor to Pacira and Perkins Coie LLP is serving as its legal advisor. Lazard acted as lead financial advisor and Goldman Sachs also acted as financial advisor to Flexion. Cooley LLP is serving as Flexion's legal advisor.

**The Recommendation Statement Contains Material Misstatements and Omissions**

21. The defendants filed a materially incomplete and misleading Recommendation Statement with the SEC and disseminated it to Flexion's stockholders. The Recommendation Statement misrepresents or omits material information necessary for the Company's stockholders to make an informed decision whether to tender their shares in the Proposed Transaction or otherwise act.

22. The Recommendation Statement fails to provide Company stockholders with material information or provides them with materially misleading information concerning: (a) the Company's financial projections; (b) the valuation analyses underlying the fairness opinions provided by the Company's financial advisor, Lazard Frères & Co. LLC ("Lazard"); and (c) potential conflicts of interest affecting Goldman Sachs & Co. LLC ("Goldman"), the Company's other financial advisor.

*Material Omissions Concerning Company Management's Financial Forecasts*

21. The Recommendation Statement fails to disclose material information concerning the Company's financial projections, including Flexion's unlevered, after-tax free cash flows for fiscal years 2032 through 2042. These forecasts are particularly, as Lazard utilized them in connection with its *Discounter Cash Flow Analysis* for the Company.[3]

---

[3] *See* Recommendation Statement at 35 stating that, for purposes of this analysis, Lazard used the Company's forecasted unlevered, after-tax free cash flows for fiscal years 2022 through 2042. The Recommendation Statement fails to disclose the final ten years of those projections.

22. The Recommendation Statement also fails to disclose the line items underlying the Company's forecasts for: (a) Gross Profit; (b) EBIT; and (c) Unlevered Free Cash Flow.

23. The omission of this information renders the statements in the "Financial Projections and Forecasts" and "Opinion of Lazard Frères and Co. LLC" sections of the Recommendation Statement false and/or materially misleading in contravention of the Exchange Act.

*Material Omissions Concerning Lazard's Financial Analyses*

24. The Recommendation Statement omits material information regarding the data and inputs underlying the valuation analyses performed by Lazard

25. The Proxy Statement describes Lazard's fairness opinions and the various underlying valuation analyses. That description, however, omits key inputs and assumptions forming the bases of these analyses. The absence of this material information precludes the Company's public stockholders from fully understanding Lazard's work. As a result, Company stockholders cannot assess what significance to place on Lazard's fairness opinion in determining whether to participate in the Tender Offer or otherwise act.

26. With respect to Lazard's *Discounted Cash Flow Analysis*, the Recommendation Statement fails to disclose: (a) Flexion's forecasted unlevered, after-tax free cash flows for fiscal years 2022 through 2042; and (b) the inputs and assumptions underlying the range of discount rates utilized in connection with the analysis.

27. With respect to Lazard's *Selected Precedent Transactions Analysis* and *Selected Public Companies Analysis*, the Recommendation Statement fails to disclose the multiples and financial metrics for each of the transactions and companies analyzed by Lazard.

28. With respect to Lazard's *Premia Paid Analysis*, the Recommendation Statement fails to disclose: (a) the transactions observed; and (b) the individual premiums observed for each

of the transactions.

29. With respect to Lazard's *Research Analyst Price Targets* analysis, the Recommendation Statement fails to disclose: (a) each of the analyst price targets observed; and (b) the sources thereof.

30. The omission of this information renders the statements in the "Financial Projections and Forecasts" and "Opinion of Lazard Frères and Co. LLC." sections of the Recommendation Statement false and/or materially misleading in contravention of the Exchange Act.

*Material Omissions Concerning Goldman's Potential Conflicts of Interest*

31. The Recommendation Statement fails to disclose material information concerning Goldman's potential conflicts of interest, including any past services Goldman performed for the Company or Pacira and any fees received for providing such services.

32. The omission of this information renders the statements in the "Person/Assets Retained, Employed, Compensated or Used." section of the Recommendation Statement false and/or materially misleading in contravention of the Exchange Act.

33. The Individual Defendants were aware of their duty to disclose the above-referenced omitted information and acted negligently (if not deliberately) in failing to include this information in the Recommendation Statement.  Absent disclosure of the foregoing material information prior to the expiration of the Tender Offer, Plaintiff and the other Flexion stockholders will be unable to make an informed decision whether to tender their shares in the Tender Offer or seek appraisal and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## COUNT I

### Claims Against All Defendants for Violations
### of Section 14(d) of the Exchange Act and SEC Rule 14d-9

34. Plaintiff repeats all previous allegations as if set forth in full.

35. Defendants have caused the Recommendation Statement to be issued with the intention of soliciting Flexion stockholders to tender their shares in the Tender Offer.

36. Section 14(d)(4) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder require full and complete disclosure in connection with tender offers.

37. The Recommendation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits material facts, including those set forth above, which omission renders the Recommendation Statement false and/or misleading.

38. Defendants knowingly or with deliberate recklessness omitted the material information identified above from the Recommendation Statement, causing certain statements therein to be materially incomplete and therefore misleading. Indeed, while defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Proposed Transaction, they allowed it to be omitted from the Recommendation Statement, rendering certain portions of the Recommendation Statement materially incomplete and therefore misleading.

39. The misrepresentations and omissions in the Recommendation Statement are material to Plaintiff and the other stockholders of Flexion, who will be deprived of their right to make an informed decision whether to tender their shares or seek appraisal if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable

powers can Plaintiff be fully protected from the immediate and irreparable injury that defendants' actions threaten to inflict.

## COUNT II

**Claims Against All Defendants for Violations of Section 14(e) of the Exchange Act**

40.     Plaintiff repeats all previous allegations as if set forth in full.

41.     Defendants violated Section 14(e) of the Exchange Act by issuing the Recommendation Statement in which they made untrue statements of material facts or failed to state all material facts necessary to make the statements made, in light of the circumstances under which they are made, not misleading, or engaged in deceptive or manipulative acts or practices, in connection with the Tender Offer.

42.     Defendants knew that Plaintiff would rely upon their statements in the Recommendation Statement in determining whether to tender his shares pursuant to the Tender Offer or seek appraisal.

43.     As a direct and proximate result of these defendants' unlawful course of conduct in violation of Section 14(e) of the Exchange Act, absent injunctive relief from the Court, Plaintiff has sustained and will continue to sustain irreparable injury by being denied the opportunity to make an informed decision in deciding whether or not to tender her shares or seek appraisal.

## COUNT III

**Claims Against the Individual Defendants for
Violation of Section 20(a) of the Exchange Act**

44.     Plaintiff repeats all previous allegations as if set forth in full.

45.     The Individual Defendants acted as controlling persons of Flexion within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as officers or directors of Flexion and participation in or awareness of the Company's operations or intimate knowledge of the false statements contained in the Recommendation Statement filed with

the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

46. Each of the Individual Defendants was provided with or had unlimited access to copies of the Recommendation Statement and other statements alleged by Plaintiff to be misleading prior to or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

47. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same. The Recommendation Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of this document.

48. In addition, as the Recommendation Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction. The Recommendation Statement purports to describe the various issues and information that they reviewed and considered — descriptions which had input from the Individual Defendants.

49. By virtue of the foregoing, the Individual Defendants have violated section 20(a) of the Exchange Act.

50. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that defendants' actions threaten to inflict.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of Flexion, and against defendants, as follows:

    A.    Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

    B.    In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

    C.    Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

    D.    Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: November 4, 2021                         **LONG LAW, LLC**

                                              By:  */s/ Brian D. Long*
                                                     Brian D. Long (#4347)
                                                     3828 Kennett Pike, Suite 208
                                                     Wilmington, DE 19807
                                                     Telephone: (302) 729-9100
                                                     Email: BDLong@longlawde.com

                                                     *Attorneys for Plaintiff*